Shuman, Appellant, vs. Shuman and another, Respondents.

*October 23 — November 17, 1891.*

*Estates of decedents: Distribution of personalty.*

Under subd. 6, sec. 3935, and subd. 2, sec. 2270, R. S., if a child under age and unmarried dies intestate leaving personal property which came (not by testamentary gift) from the estate of a deceased parent, such personal property should be distributed to the next of kin. Mere personalty not being heritable, subd. 5 of sec. 2270 does not apply to such a case.

APPEAL from the Circuit Court for *Rock* County.

Lelia M. Shuman, late of Rock county, Wis., died intestate, April 17, 1888, leaving surviving her *Alexander Shuman*, her husband, and *Frances M.* and Sarah M. Shuman, both minors, her children and only heirs at law. *Alexander Shuman* is the father of the two girls. Lelia M. Shuman left personal estate of the value of about $50,000. The estate of Mrs. Shuman was duly administered in the county court of Rock county, and the personal estate belonging thereto was assigned and distributed by the court to the two daughters of the intestate.

The daughter Sarah M. Shuman was born in July, 1887, and died in August, 1890, of course unmarried and intestate. Her estate was administered in the county court, and was assigned by the court to *Alexander Shuman*, the father of Sarah M., the intestate, to the exclusion of the sister, *Frances M. Shuman*. When so assigned the estate consisted of money, notes, and mortgages, amounting in value to over $26,000.

*Frances M. Shuman*, by her guardian, appealed to the circuit court from the order and judgment of the county court thus assigning to her father the estate of her deceased sister. The circuit court gave judgment affirming the order and judgment of the county court. *Frances M.*, by her said guardian, now appeals to this court from the judgment of the circuit court.

For the appellant there was a brief by *Winans & Hyzer*, and oral argument by *E. M. Hyzer*. They contended, *inter alia*, that the purpose of subd. 5, sec. 2270, R. S., is to keep the estate in the family of the ancestor from whom it was derived, and the word " inheritance " was there used in its popular acceptation and as descriptive of an estate derived from the ancestor. See Johnson's, Webster's and the Century Dictionaries; Anderson's Law Dict.; *Horner v. Webster*, 33 N. J. Law, 413. Since the amendment of said

subd. 5 by ch. 219, Laws of 1883, the reasoning of the court in *Estate of Kirkendall*, 43 Wis. 167, is no longer applicable. The words, "or by testamentary gift," apply of course to personal property, and the amendment makes personal property ancestral.

*William Smith* and *C. E. Pierce*, for the respondents, cited *Murphy v. Hanrahan*, 50 Wis. 485–490; *Estate of Kirkendall*, 43 id. 167, 176, 179; *Jenks v. Trowbridge Estate*, 48 Mich. 94; *Henderson v. Sherman*, 47 id. 267; 2 Bl. Comm. 201; Burrill, Law Dict.; Bouvier, Law Dict. tit. INHERIT-ANCE; *Sedgwick v. Minot*, 6 Allen, 171; *Valentine v. Borden*, 100 Mass. 273; *Nash v. Cutler*, 16 Pick. 491; *Shelby v. Shelby*, 1 B. Mon. 266–270; *Perkins v. Simonds*, 28 Wis. 90–94; *Wiesner v. Zaun*, 39 id. 188.

LYON, J.    It is provided in subd. 6, sec. 3935, R. S., that the residue of the personal estate of any intestate, not required for certain special purposes mentioned in the section, "shall be distributed in the same proportions, and to the same persons, and for the same purposes, as prescribed for the descent and disposition of real estate in chapter 102, except," etc.   The exception has no significance in this proceeding.   The general provision of chapter 102 is that intestate real estate shall descend to the next of kin of the intestate, computed by the rules of the civil law; that is to say, in a case like this, to the father of the intestate, who is her next of kin.   Sec. 2270, subd. 2.   The county and circuit courts held that this provision of chapter 102 rules this case, and both courts awarded the personal estate of the intestate, Sarah M. Shuman, to her father.

Sec. 2270, subd. 5, as amended by ch. 219, Laws of 1883 (S. & B. Ann. Stats. p. 1317), provides that, "if any person shall die leaving several children, or leaving one child and the issue of one or more other children, and any such surviving child shall die under age and not having been mar-

ried, all the estate that came to the deceased child by inheritance or by testamentary gift from such deceased parent, shall descend in equal shares to the other children of the same parent, and to the issue of any such children who shall have died, by right of representation." The words "or by testamentary gift" were inserted by the amendment of 1883. The appellant contends that this provision of the statute controls the disposition of the estate in controversy, and gives it to the appellant, the only surviving child of Lelia M. Shuman, from whom the estate originally came. The clause inserted in the statute by the amendment of 1883 has no influence in the determination of this case, for here there is no testamentary gift, whatever may be the signification of that term. So the above statutes, omitting immaterial terms, being construed together, amount to this: Intestate personal estate is to be distributed to the persons who would take the estate were it real estate; but real estate which comes *by inheritance* from a deceased parent to a child who dies under age and unmarried *descends* to the surviving child or children of such parent, or their issue, to the exclusion of the surviving parent, who otherwise would inherit it. Now, if personal property had any heritable quality,— if it could descend and be inherited, thus possessing the qualities of ancestral estate,— undoubtedly the estate here under consideration would descend to the surviving sister of the intestate instead of her father. The difficulty is that mere personalty is not heritable,— does not descend to the heir,— and has not the qualities of ancestral estate. Hence sec. 2270, subd. 5, does not reach the case, and the estate must go to the father, who would take it under the general rule prescribed in subd. 2, were it real estate.

This subject was before this court, and was much considered, in *Kirkendall's Estate*, 43 Wis. 167. In that case the controlling statute was the section which stands in the ·

present Revision as sec. 2272, which is as follows: "The degrees of kindred shall be computed according to the rules of the civil law; and kindred of the half blood shall inherit equally with those of the whole blood in the same degree, unless the inheritance comes to the intestate by descent, devise, or gift of some one of his ancestors, in which case all those who are not of the blood of such ancestors shall be excluded from such inheritance."

It will be observed that the above section, like subd. 5, sec. 2270, relates to estates inherited from an ancestor; that is, to ancestral estates. It is impossible to make any sound distinction in principle between the two sections. Under one section, the inherited estate goes to the brothers and sisters or their issue, to the exclusion of the surviving parent, who is the next of kin to the intestate. Under the other section, such inherited estate goes to the kindred of the blood of the ancestor from whom the estate descended, to the exclusion of kindred of the half blood in the same degree, who are not of the blood of the ancestor; whereas, were the estate not ancestral, in both cases it would go to the next of kin of the intestate, whether of the whole or half blood.

After very careful examination and deliberation, the court unanimously reached the conclusion in the *Kirkendall Case* that the statute providing special rules for the descent of ancestral real estate is not applicable to the distribution of intestate personal estate (except heirlooms and the like); and the provision that personal estate, remaining after administration, shall be distributed to the same persons, etc., as prescribed for the descent of real estate (sec. 3935, subd. 6), must be construed as referring to the general rule of the statute of descents; and hence that it requires such distribution to be made to the next of kin, whether of the whole or half blood, without regard to the source from which the estate came. The subject is so fully discussed in the two

opinions in that case that it seems quite unnecessary to discuss it further in this opinion. See, also, *Perkins v. Simonds*, 28 Wis. 90.

It results from the foregoing views that the judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.