[S. F. No. 2295.   Department Two.—January 25, 1901.]

In the Matter of the Estate of FRANCES D. J. SMITH, Deceased.   MARY A. E. GILFETHER et al., Appellants, v. CHARLES L. SMITH, Respondent.

ESTATES OF DECEASED PERSONS—SUCCESSION—PROPERTY INHERITED FROM FATHER—HALF-SISTERS ON MOTHER'S SIDE. — Property inherited from the father of a wife who has died intestate, leaving as sole heirs a husband and two half-sisters on the mother's side, must be distributed one-half to the husband and one-half to such half-sisters.

ID.—CONSTRUCTION OF CODE—"BROTHERS AND SISTERS OF DECEDENT." Subdivision 2 of section 1386 of the Civil Code must be construed in their proper sense, and according to the approved usage of the language, as including in the expression "brother and sisters of the decedent" those of the half blood as well as those of the whole blood.

ID.—"KINDRED OF THE HALF BLOOD"—"BLOOD OF ANCESTORS"—EXCLUSION FROM INHERITANCE—IDENTITY OF DEGREE.—The exception in section 1394 of the Civil Code excluding kindred of the half blood in favor of kindred of the whole blood, where the former are not of the blood of the ancestor from whom the estate came by descent, devise, or gift, applies only where such kindred are "in the same degree," and has no application to any case where the degrees are not the same.   It does not apply to a case where a surviving husband and half-sisters of the decedent are sole heirs, though such half-sisters are not of the blood of the ancestor from whom the property was inherited.

APPEAL from a decree of the Superior Court of the City and County of San Francisco distributing the estate of a deceased person.   J. V. Coffey, Judge.

---

[2] 48 Am. St. Rep. 156.

CXXXI. Cal.–28

The facts are stated in the opinion.

Rodgers, Paterson & Slack, for Appellants.

J. N. Young, for Respondent.

SMITH, C.—This is an appeal from a decree of distribution. The deceased, who died intestate, inherited the property distributed from her father. She left surviving her, her husband, and two half-sisters on the mother's side, the appellants. The whole of the property was distributed by the decree to the respondent and the appellants excluded. The case turns upon the construction of the provisions of the Civil Code governing successions, and especially of those of sections 1386 (2) and 1394. By the former provision it is especially provided in the case here presented that the husband shall take one-half of the estate and the sisters the other half; but it is contended that by the latter section the sisters are excluded as not being of the blood of the ancestor from whom the defendant derived the estate; and it was so held by the court. But I do not think this contention can be sustained.

The section in question consists of two clauses connected by the conjunction "unless," which, as said by Lord Mansfield (*Smith v. Wilson,* 3 Burr. 1556), means the same as "except," and hence implies merely an exception to the first clause. (Standard Dictionary; Century Dictionary; *Ryan v. Andrews,* 21 Mich. 234, 235; *Estate of Kirkendall,* 43 Wis. 173-75, 177 et seq.; *Rowley v. Stray,* 32 Mich. 75, 76.) The last clause can, therefore, apply only to the class described in the first, or, in other words, to the class from which it constitutes an exception, which is, kindred "in the same degree." Hence, it can have no application to the relations between different classes as determined by degree of kindred or otherwise, as, e. g., between half brothers or sisters and remote collateral kin, or between grandparents and uncles or aunts, as in *Ryan v. Andrews, supra,* and in *Estate of Kirkendall, supra.* The effect of the provision is therefore simply to subdivide each of the classes as determined by degree of relationship into two classes, namely, those of the full and those of the half blood, and in each class

to postpone the latter to the former. Its effect, therefore, is precisely that of the Missouri statute cited in 61 Am. Dec. 664, or of the Indiana statute cited in *Robinson v. Burrell*, 40 Ind. 336.

Hence, the provision has no application as between kindred in different degrees, but the relative claims of these are determined exclusively by the provisions of section 1386 of the Civil Code, where the terms "brothers and sisters," and other terms denoting kindred of various degrees, are used in their proper sense, and, "according to the approved usage of the language" (Civ. Code, sec. 13), must be held to include those of the half as well as of the whole blood. (*Rowley v. Stray, supra,* and cases cited on page 75.) The two sections, therefore (1386, 1394), in nowise conflict, but together prescribe a system not only complete and harmonious, but also equitable, and in accordance with the general sentiments of mankind; on which in fact—and not on the obsolete feudal reasons on which the common-law doctrine of inheritance of real estate was based— our law of succession is based.

This construction is supported by the cases cited above, in which substantially similar enactments were construed, and also by the case of *Robinson v. Burrell, supra,* where the statute construed is different, but the principle of the decision is the same. In that case there was an old statute (cited *supra*) identical in effect with ours, which had been superseded by a new statute couched in less definite terms; and it was held that it would be unreasonable—the statute admitting of a different construction—to construe it as postponing the kindred of the half blood "until after there was a failure of all kindred of the intestate who have the blood of the ancestor from the estate descended, however remote in degree"—a principle equally applicable here.

There are two cases that seem to conflict with these views, viz., *Perkins v. Simonds*, 28 Wis. 90, and *Kelly v. McGuire*, 15 Ark. 555. But the former is expressly limited and in effect overruled in *Estate of Kirkendall, supra.* And again in *Shuman v. Shuman*, 80 Wis. 479, it was held that the provision construed did not apply to personal property; which was

also in effect to overrule the decision, for neither in the laws of Michigan nor in our own is there room for such a distinction. It may be added that the attention of the court was not drawn to the grammatical construction of the section. Hence, the court assumed that "the words of the section are general," not noticing the fact that the first clause refers only to the class specified, and that the latter could not have a more extensive application. The same remark applies to the Arkansas case.

The true rule is stated by Judge Cooley in *Rowley v. Stray, supra,* as follows: "Ours is but the expression of a general policy which has always characterized our legislation, . . . . and which, . . . . in most respects, has put the half blood on a footing of equality with the whole blood in the law of descents. . . . . A discrimination against the half blood is the exception, and is not to be extended beyond the obvious intent. And nothing seems plainer to us than that under this statute the half blood are only excluded when there are others in the same statutory class who are to be preferred by reason of being of the blood of the ancestor from whom the estate came to the intestate. This was the view taken by us when *Ryan v. Andrews, supra,* was before us, and further reflection has confirmed us in it." It follows that the appellants are entitled to their shares of the estate as prescribed in section 1386, subdivision 2.

The order appealed from should be reversed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed.

McFarland, J., Temple, J., Henshaw, J.