[Civ. No. 1286.  First Appellate District.—February 7, 1913.]

In the Matter of the Estate of ELIZA ANN DAVIDSON, Deceased.

HELEN FERGUSON et al., Appellants, v. WILLIAM A. FREY, Respondent.

ESTATE OF DECEASED PERSON—DISTRIBUTION—SUBMISSION ON AGREED STATEMENT OF FACTS—WAIVER OF OBJECTIONS TO PETITION.—The submission of a proceeding for the distribution of the estate of a deceased person, in pursuance of a stipulation and an agreed statement of facts which set out the claim of the appellants to a distributive share of the estate, operated as a waiver of the necessity, if any existed, for the appellants to file formal written objections to the petition for distribution.

ID.—APPEAL—STIPULATION HAVING EFFECT OF FINDINGS—ASSIGNMENTS OF ERROR UNNECESSARY.—Where such agreed statement of facts covered all jurisdictional matters necessary to support a decree of distribution, as well as all the facts upon which the respective rights of the appellants and respondent to any portion of the estate depended, it had the force and effect of an unattacked finding of facts made by the court, and no assignments of error were necessary to the consideration of an appeal from the decree.

ID.—WIDOW DYING INTESTATE WITHOUT ISSUE—DISTRIBUTION OF COMMUNITY PROPERTY—PROPERTY ACQUIRED UNDER WILL OF HUSBAND.—Upon the death intestate of a widow, leaving no issue, the property left by her, which had been and was the community property of herself and her husband at the time of his death, or the proceeds thereof, and which she had then received either under his will or by right of survivorship, is distributable, in accordance with subdivision 8 of section 1386 of the Civil Code, in the proportion of one-half to each of the designated kin of each spouse.

APPEAL from a decree of the Superior Court of the City and County of San Francisco distributing the estate of a deceased person.  J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Sullivan & Sullivan and Theo. J. Roche, for Appellants.

John G. Jury, for Respondent.

HALL, J.— This is an appeal from a final decree of distribution made and entered in the matter of the estate of Eliza Ann Davidson, deceased, whereby the court distributed the entire estate of said deceased, who died intestate, to respondent, who is the surviving brother of said deceased, to the exclusion of the appellants, who are the surviving sister and the children of a deceased brother and of two deceased sisters of Walter Park Davidson, the predeceased husband of Eliza Ann Davidson, deceased.

The appeal comes to this court upon a settled bill of exceptions, from which it appears, among other things, that respondent, in the capacity of administrator of the estate of Eliza Ann Davidson, filed a petition for final distribution of said estate, in which he recognized the claim of appellants, as the sister and nieces and nephews of the predeceased husband of the deceased, to take one-half of such portion of the estate of decedent as had been the community property of decedent and her predeceased husband at the time of his death, or was the proceeds thereof.

Subsequently, after a change of attorneys, respondent filed an amended supplemental petition, in which he asked distribution of the entire estate to himself as the surviving brother of deceased.

Appellants filed no written objections to this amended and supplemental petition, but appeared at the hearing thereon, and as appears from the bill of exceptions, "All of the parties interested in the distribution of said estate then and there stipulated that the matter of the distribution of said estate be submitted" upon an agreed statement of facts, which is set forth in the bill of exceptions.

No other evidence was introduced, and after the presentation of the agreed statement of facts, as appears from the bill of exceptions, "Said petition and amended and supplemental petition for distribution of said estate was submitted to the court for decision."

Respondent insists that the appellants have no right to appeal nor to be heard upon the record before this court, because they made no written objections to the amended petition and the bill of exceptions contains no specifications of errors relied upon.

Respondent is in no position to object that no written objections were filed to his amended and supplemental petition. Appellants appeared and respondent stipulated with them in open court "that the matter of the distribution of the estate be submitted upon the following agreed statement of facts," which statement of facts set out the claim of appellants to a distributive share of the estate of decedent. This was a waiver of the necessity, if any existed, for appellants filing any formal written objections to the amended petition for distribution.

Neither is any assignment of errors necessary to the consideration of this appeal. The agreed statement of facts set forth in the bill of exceptions covers all jurisdictional matters necessary to support a decree of distribution, as well as all the facts upon which the respective rights of appellants and respondent to any portion of the estate of decedent depend.

Such an agreed statement of facts takes the place of and has the force and effect of an unattacked finding of facts made by the court. (*Burnett* v. *Pacheco,* 27 Cal. 408; *Muller* v. *Rowell,* 110 Cal. 318, [42 Pac. 804]; *McMenomy* v. *White,* 115 Cal. 339, [47 Pac. 109]; *Conway* v. *Supreme Council Catholic Knights of America,* 137 Cal. 384, [70 Pac. 223].)

The question is thus properly before this court as to whether or not the facts set forth in the agreed statement of facts support the judgment and decree of the court. .

It appears from the agreed statement of facts that decedent died intestate January 16, 1911, leaving surviving as her only next of kin a brother, William A. Frey, the respondent herein. All of the property of which she died possessed or seized, save some enumerated personal effects, had been the community property of decedent and her predeceased husband, Walter Park Davidson, at the time of his death, or was the proceeds thereof.

Walter Park Davidson left surviving him at his death as his only heirs at law said Eliza Ann Davidson, his widow, and the appellants herein, who were his sister and the chil-

dren of a deceased brother and sisters. He left a will which was duly admitted to probate, in which he devised all of his estate to his wife Eliza Ann Davidson, and all the residue of his estate was distributed to her by the decree of distribution made in the matter of his estate, in which decree the whole of the residue of the estate of said Walter Park Davidson was adjudged to be community property of him and his said wife.

Under the facts above stated it is clear that the distribution of the property left by the intestate decedent, Eliza Ann Davidson, which had been and was the community property of said decedent and her husband at the time of his death, or was the proceeds thereof, should have been distributed in accordance. with the provisions of subdivision 8 of section 1386 of the Civil Code, which provides that:

"If the deceased is a widow, or widower, and leaves no issue, and the estate, or any portion thereof, was the common property of such decedent and his or her deceased spouse, while such spouse was living," such property shall go one-half to certain designated kin of the deceased spouse, and the other half to certain designated kin of deceased. This section of the law determines the succession to all property left by the surviving spouse, who dies a widow or widower, without leaving descendants, which was community property of the spouses at the time of the death of the spouse who first dies. The fact that the husband, dying first, devised any or all of the community property to his wife does not divest such property of its character of community property up to the time of his death. It was community property of the two spouses at the death of the husband, and is squarely within the language of subdivision 8 of section 1386 of the Civil Code.

The case of *Estate of McCauley*, 138 Cal. 546, [71 Pac. 458], gives no support to the decree appealed from nor to the contention of respondent. In that case it was decided that property deeded by the husband to the wife became her separate property and was not a part of the community property at the time of his death, and therefore its disposition upon the death of the wife was not controlled by subdivision 9 (now subdivision 8) of section 1386 of the Civil Code. The contention in the McCauley case was that property that had at any time been community property was controlled upon the

death of the last surviving spouse, dying without issue, by subdivision 9 (now 8) of section 1386 of the Civil Code. The decision simply holds that the subdivision in question controls the succession to only such common property as was undisposed of at the time of the death of the husband, and does not control as to property deeded by the husband to the wife, which of course upon the execution of the deed became her separate property, and therefore was not a part of the community property at the time of the death of the husband.

Subdivision 8 of section 1386 of the Civil Code controls the succession to property left by the widow, dying intestate, which was community property of herself and her husband at the time of his death, though he devised all or any part thereof to her by will. After his death such property becomes her separate property whether she receive under his will or by right of survivorship. In either case it was common property undisposed of at the time of his death.

Respondent makes some contention that because the stipulation as to the facts, after setting forth that respondent is the surviving brother of deceased, also states that he "is the sole surviving heir at law and next of kin of said Eliza Ann Davidson, deceased," conclusively establishes that he is entitled to succeed to her entire estate. But the stipulation of facts must be read in its entirety. And so read it sets forth the other facts which show that by the statement that respondent is the sole heir at law of decedent was meant no more than that he was her only next of kin. The specific facts set forth show that the property in dispute had been the community property of decedent and her husband up to the time of his death, and that appellants are the sister and the children of a deceased brother and sisters of the husband. From these facts it follows as a matter of law that they are entitled to take one-half of the property in dispute, while respondent is entitled to take the other half. Of course the nieces and nephews are to take by right of representation.

The judgment is reversed, and the cause remanded with directions to the court to enter a decree of distribution upon the agreed statement of facts in conformity with the views expressed in this opinion.

Lennon, P. J., and Murphey, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 8, 1913.