In the Matter of the Estate of LIZZIE T. MACK, Deceased. ELLEN L. STILLINGER, Appellant; GERTRUDE S. HUNT and Others, Respondents.

Fourth Department, July 3, 1917.

**Decedent's estate — descent and distribution of property — when cousin not entitled to real or personal property as against sole surviving half sister of decedent — Decedent Estate Law construed.**

Where a woman dies leaving a sister of the half blood by a common father, but no ancestors or descendants, all her personal property goes to the half sister under section 98 of the Decedent Estate Law, and a daughter of her maternal aunt has no share therein, and hence is not entitled to intervene in probate proceedings for the purpose of contesting the decedent's will.

Moreover, under the circumstances, said daughter of the maternal aunt of the testatrix takes no share of the decedent's real estate which came to her from her mother, and section 90 of the Decedent Estate Law relating to real estate which came from an ancestor and excluding from inheritance those who are not of the blood of such ancestor has no application. This, because the decedent's sister of the half blood and the daughter of the maternal aunt are not related in the same degree to the decedent.

A sister of the half blood is a sister within the meaning of section 87 of the Decedent Estate Law, and the rule of inheritance relating to ancestral estates excluding relatives not of the blood of the ancestor, applies only in the case of such a sister where there is another relative of the blood of the ancestor related in the same degree to the decedent as the sister.

The court, however, confines the decision to the precise situation involved in the case at bar.

APPEAL by Ellen L. Stillinger from a decree of the Surrogate's Court of the county of Chautauqua, entered in the office of said Surrogate's Court on the 13th day of February, 1917, denying her petition for leave to intervene for proceedings to probate an alleged will of Lizzie T. Mack, deceased, and to set aside the probate thereof.

*Reginald F. Penton,* for the appellant.

*Louis L. Thrasher,* special guardian, for the respondent Gertrude S. Hunt.

*Herbert L. Hunt,* executor, respondent in person.

KRUSE, P. J.:

Lizzie·T. Mack died leaving real and personal property. Her father and mother predeceased her and she left no descendants and no brothers and sisters, except a sister of the half blood. The sisters had a common father but different mothers. · The real property came to Lizzie T. Mack by inheritance from her mother. Lizzie T. Mack's mother had a sister, whose daughter seeks to intervene to contest the will of Lizzie T. Mack. This is resisted by the special guardian of an infant legatee named in the will, upon the ground that the petitioner has no interest in the property of the deceased. Clearly, this is so as to the personal property.

Under the Decedent Estate Law the sole surviving sister takes the whole surplus of the personal property left for distribution (Consol. Laws, chap. 13 [Laws of 1909, chap. 18], § 98, subd. 5), and that.is so although she is a relative of the half blood. (Id. § 98, subd. 13.)

The title to the real estate, if not devised, likewise passed to the sister under section 87 of the Decedent Estate Law, unless the limitation or exception contained in section 90 applies. That section reads as follows:

" § 90. Relatives of the half-blood. Relatives of the half-blood and their descendants, shall inherit equally with those of the whole blood and their descendants, in the same degree, unless the inheritance came to the intestate by descent, devise or gift from an ancestor; in which case all those who are not of the blood of such ancestor shall be excluded from such inheritance."

I think the limitation or exception contained in that section has no application to this case for the reason that the sister and the petitioner are not related in the same degree to Lizzie T. Mack. The relationship of the sister is several degrees nearer than the petitioner, who is a cousin.

I am not aware that the precise question here involved has ever been passed upon by any appellate court in this State. It was adverted to by Mr. Justice LAUGHLIN in his opinion in *Farmers' Loan & Trust Company* v. *Polk* (166 App. Div. 43). But the appellate courts in other States have passed upon questions arising under similar provisions in the intestate laws of those States. (*Matter of the Estate of Smith*, 131 Cal. 433; *Rowley* v. *Stray*, 32 Mich. 70; *Robertson* v. *Burrell*, 40 Ind. 328; *Pond* v. *Irwin*, 113 id. 243; *Estate of Kirkendall*, 43 Wis. 167.) These decisions, I think, support or tend to support the conclusion here reached. It is unnecessary to discuss these decisions or the various statutes under which they were made, or to collate or comment upon the other cases cited by counsel, which throw more or less light upon this question.

It is enough to state our conclusion. We hold that a sister of the half blood is a sister within the meaning of section 87 of the Decedent Estate Law, and the rule of inheritance relating to ancestral estates, excluding relatives not of the blood of the ancestor applies only in the case of such a sister where there is another relative of the blood of the ancestor related in the same degree to the intestate as the sister. We do not decide that the rule here applied extends to every class of relatives, however remote the relationship to the intestate may be. We confine our decision to the precise question here involved; further we need not go.

The decree of the surrogate should be affirmed, with costs.

All concurred, LAMBERT, J., not sitting.

Decree affirmed, with costs.