[L. A. No. 9231. In Bank.—September 13, 1927.]

In the Matter of the Estate of ANNA EDWARDS, Deceased.

[1] ESTATES OF DECEASED PERSONS—HEIRS OF THE HALF BLOOD—CONSTRUCTION OF SECTION 1394, CIVIL CODE.—Under section 1394 of the Civil Code, heirs of the half blood are to be excluded in favor of heirs of the whole blood when, and only when, those of the whole blood are also of the blood of the "ancestor."

[2] ID.—PROPERTY INHERITED FROM PREDECEASED HUSBAND—HEIRS NOT OF HUSBAND'S BLOOD.—Section 1394 of the Civil Code is not applicable to the estate of one dying intestate who inherited the property from her predeceased husband, where none of her heirs is of the blood of the husband.

[3] ID.—WIDOW WITHOUT ISSUE—SECTION 1386, CIVIL CODE.—Where a decedent at the time of her death was a widow without issue who inherited her property from her predeceased husband, the provisions of subdivision 8 of section 1386 of the Civil Code apply to the case.

[4] ID.—SEPARATE AND COMMON PROPERTY—RELATIVE RIGHTS OF HEIRS OF HUSBAND AND WIFE.—In such a case, if the property was the separate property of the decedent's predeceased husband, under subdivision 8 of section 1386 of the Civil Code it would devolve in entirety upon his heirs, but if it was common property of the decedent and her predeceased husband, the heirs of the decedent would take one-half thereof under said section; and the decedent's heirs of the half blood would share equally with her heirs of the whole blood.

(1) 18 C. J., p. 826, n. 61.    (3) 18 C. J., p. 819, n. 57.

APPEAL from a decree of partial distribution of the Superior Court of San Diego County. C. N. Andrews, Judge. Reversed.

The facts are stated in the opinion of the court.

J. W. Havens for Appellant.

1. See 9 Cal. Jur. 467.
4. See 9 Cal. Jur. 461.

L. N. Turrentine and Turrentine & Wright for Respondent.

Hamilton O. Lindley for Administrator.

THE COURT.—This is an appeal from a decree of partial distribution entered by the superior court in and for the county of San Diego. The decedent, Anna Edwards, died intestate, leaving as her estate property which she had inherited from her deceased husband. From the record it appears that the decedent left surviving her certain brothers and sisters, and also certain children of a deceased brother, who were related to her in full blood. She also left surviving her certain children of a deceased half-brother, who were kindred of the half blood. The trial court found, after hearing upon the petition for partial distribution, that the kindred of the half blood were not entitled to inherit any part of the property or estate of the decedent. Thereupon the decree of partial distribution appealed from was entered distributing to the heirs of the full blood certain property belonging to the decedent's estate. The conclusion of the trial court was based upon its interpretation of section 1394 of the Civil Code, which reads as follows:

"Kindred of the half-blood inherit equally with those of the whole blood in the same degree, unless the inheritance come to the intestate by descent, devise, or gift of some one of his ancestors, in which case all those who are not of the blood of such ancestors must be excluded from such inheritance."

Upon this appeal the appellants contend that the term "ancestors" as used in that section means one who is related by blood to an heir, and that since ordinarily a wife is not related by blood to her husband, her deceased husband does not come within the meaning of the term "ancestors" as used in said section of the code. This being so, the appellants urge that the exception provided for in section 1394 of the Civil Code is without application to the instant case and that they are therefore entitled to share equally with the heirs of the whole blood. The respondents, on the other hand, contend that "as used in the statutes of descent and succession in California, an 'ancestor' is the person from whom property is inherited and that if a wife

inherits property from her husband, as is admitted in this case, the husband is her statutory ancestor, and that upon the death of the wife the half-blood not related to the ancestor is wholly excluded from inheriting any part of the estate by the express terms of Civil Code section 1394.''

We have concluded that it is of little moment herein whether or not a deceased husband is, or may be, under our statutes of descent and succession, the ''ancestor'' of his surviving wife. In other words, the question as to whether a deceased husband may be the ''ancestor'' of his surviving wife need not here be decided for, in our opinion, the provisions of section 1394 of the Civil Code are inapplicable to the facts as shown by the record before us. [1] The language of the exception found in said section 1394 is such as to plainly indicate that heirs of the half blood are to be excluded in favor of heirs of the whole blood when, and only when, those of the whole blood are also of the blood of the ''ancestor.'' (*Estate of Smith*, 131 Cal. 433, 436 [82 Am. St. Rep. 358, 63 Pac. 729]; *Estate of Belshaw*, 190 Cal. 278, 284 [212 Pac. 13].) [2] Section 1394 of the Civil Code is therefore without application to this case for the very obvious reason that none of the parties hereto is of the *blood* of the decedent's predeceased husband.

[3] As stated at the commencement of this opinion, the decedent at the time of her death was a widow and without issue. Under these circumstances, subdivision 8 of section 1386 of the Civil Code is pertinent and the provisions thereof offer a solution to the problem herein presented. That section reads:

''If the deceased is a widow, or widower, and leaves no issue, and the estate, or any portion thereof, was common property of such decedent and his or her deceased spouse, while such spouse was living such property goes in equal shares to the children of such deceased spouse and to the descendants of such children by right of representation, and if none, then one-half of such common property goes to the father and mother of such decedent in equal shares, or to the survivor of them if either be dead, or if both be dead, then in equal shares to the brothers and sisters of such decedent and to the descendants of any deceased brother or sister by right of representation, and the other half goes to the father and mother of such deceased spouse in equal

shares, or to the survivor of them if either be dead, or if both be dead, then in equal shares to the brothers and sisters of such deceased spouse and to the descendants of any deceased brother or sister by right of representation.

"If the estate, or any portion thereof, was separate property of such deceased spouse, while living, and came to such decedent from such spouse by descent, devise, or bequest, such property goes in equal shares to the children of such spouse and to the descendants of any deceased child by right of representation, and if none, then to the father and mother of such spouse, in equal shares, or to the survivor of them if either be dead, or if both be dead, then in equal shares to the brothers and sisters of such spouse and to the descendants of any deceased brother or sister by right of representation."

[4] The decree of partial distribution appealed from indicates that the decedent inherited the property and estate here in dispute as the "heir" of her deceased husband. This declaration of the trial court leaves us in doubt as to whether the estate and property involved herein was, during the joint lives of the spouses, common property or the separate property of the predeceased husband. If, upon a further hearing, the trial court should determine that said estate and property was during his lifetime the separate property of the decedent's predeceased husband, it would devolve in entirety upon his heirs in the manner provided for in the second paragraph of subdivision 8 of section 1386 of the Civil Code. This would, of necessity, operate to the complete exclusion of all the parties herein named. However, should the trial court find upon such further hearing that the estate and property now in dispute had been the common property of the decedent and her deceased spouse, during their joint lives, then, and only in such event, would the heirs of the decedent be in a position to advance and support any claim thereto or interest therein. Under the express language of the first paragraph of subdivision 8 of section 1386, such interest of the decedent's heirs would be as to one-half thereof only. If the trial court should find that the estate and property here involved had been the common property of the decedent and her deceased spouse, so as to entitle the decedent's heirs to inherit one-half thereof, then the question would be squarely presented as to the respective rights of

those of the whole blood and those of the half blood. In view of the fact that we have held herein that the exception found in section 1394 of the Civil Code may not be availed of in favor of the respondents for the reason that they are not of the blood of the decedent's predeceased spouse, the appellants, decedent's heirs of the half blood, would share said one-half interest equally with the respondents, decedent's heirs of the whole blood, under the provisions of subdivision 3 of section 1386 of the Civil Code. (*Estate of Lynch,* 132 Cal. 214, 216, 217 [64 Pac. 284].)

For the foregoing reasons the decree of partial distribution appealed from is reversed.