[Civ. No. 9610. First Appellate District, Division Two.—October 23, 1934.]

In the Matter of the Estate of CHARLES JAMES HOWARD, Deceased. ADELAIDE ROWE MORRISON et al., Appellants, v. PHIL C. KATZ, as Administrator, etc., et al., Respondents.

I. F. Chapman for Appellants.

Brobeck, Phleger & Harrison, S. Laz Lansburgh and S. Joseph Thiesen for Respondents.

STURTEVANT, J.—This is an appeal from an amended decree of partial distribution on the judgment-roll alone. There is no controversy over the facts.

The facts, taken from the amended decree of partial distribution, are these: Charles James Howard and Adelaide Rowe Howard were husband and wife up to the twenty-second day of February, 1922, when Adelaide Rowe Howard died intestate in San Francisco, she being a resident thereof at the time of her death and left estate therein. There never were any children born as the result of the marriage of Charles and Adelaide Howard. All the property involved in this appeal came to Charles James Howard by descent from the estate of his wife, Adelaide Rowe Howard. It was her separate property at the time of her death. Charles James Howard died intestate leaving the property which he had acquired by descent from his deceased wife, Adelaide Rowe Howard.

The blood heirs of Charles James Howard, the decedent, are the respondents, Jane Morrow McDougall, and Clara Louisa Kirchoffer, sisters of deceased, and Clare M. Howard, a daughter of a predeceased brother.

The blood heirs of Adelaide Rowe Howard, the predeceased wife of Charles James Howard, are the appellants, her cousins, Adelaide Rowe Morrison and Lilly Flageollet.

By the amended decree of partial distribution from which this appeal is taken all the property involved was distributed to respondents and nothing to appellants.

The respondents claim the entire estate to the exclusion of appellants and the appellants the entire estate to the exclusion of respondents.

Section 228 of the Probate Code deals with the descent of community property. In the instant case none was involved.

Section 229 of the Probate Code provides: "If the decedent leaves no issue, and the estate or any portion thereof was separate property of a previously deceased spouse, and came to the decedent from such spouse by gift, descent, devise, or bequest, *such property goes in equal shares to the children of the deceased spouse and to their descendants by right of representation, and if none, then to the parents of the deceased spouse in equal shares, or if either is dead to the survivor, or if both are dead in equal shares to the brothers and sisters of the deceased spouse and to their descendants by right of representation.*" (Italics ours.) Under the facts which we have recited the decedent's wife, Mrs. Howard, left no kith or kin coming within any one of the classes named in that section. It follows that no one of the claimants may rely on that section.

Section 230 of the Probate Code provides: "If there is no one to succeed to any portion of the property in any of the contingencies provided for in the last two sections, according to the provisions of those sections, *such portion goes to the next of kin of the decedent in the manner hereinabove provided for succession by next of kin.*" (Italics ours.)

The respondents quote the statutes and then they cite *Davis* v. *Hart,* 123 Cal. 384, at page 387 [55 Pac. 1060], as follows: "A cardinal rule of interpretation is that a statute free from ambiguity and uncertainty needs no interpretation. This must be so, for all interpretation and construction is for the purpose of ascertaining the legislative will. When this is clear, interpretation is not allowable. In such case, it cannot be argued that the result is unjust or against policy. The statute is itself conclusive upon these subjects." Continuing, they claim that the decree appealed from was framed in strict accordance with the provisions of the statute and that it should be affirmed. We think the claim is entirely sound. ▇ The appellants quote some isolated sentences from *Estate of Page,* 181 Cal. 537 [185 Pac. 383]; *Estate of Davidson,* 21 Cal. App. 118 [131 Pac. 67]; *Estate of Ross,* 187 Cal. 454 [202 Pac. 641]; *Estate of Edwards,* 202 Cal. 130 [259 Pac. 440]; *Estate of Watt,* 179 Cal. 20 [175 Pac. 415]; *Estate of Brady,* 171 Cal. 1 [151 Pac. 275];

*Estate of Mercer,* 205 Cal. 506 [271 Pac. 1067]. Thereupon they argue that section 229 of the Probate Code and other sections of the code show that the policy and reason of our statutes is that upon the death of the survivor of the marriage without issue, such property as is involved in this litigation should go to the family or families of the spouse or spouses through whose efforts the estate was accumulated. With the policy of the statute the court has nothing to do. As to the division of such property between the families of both spouses the legislature has spoken. In speaking it has limited the persons who are entitled to receive. As the whole subject is one falling within the legislative power the courts are not entitled to deviate from the language used by the legislature.

The order appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 20, 1934.