[L. A. No. 6232. Department Two.—November 19, 1919.]

In the Matter of the Estate of PHILURA B. PAGE. ZENO T. PAGE et al., Appellants.

[1] ESTATES OF DECEASED PERSONS—SUCCESSION TO PROPERTY OF WIDOW DERIVED FROM PREDECEASED SPOUSE.—In the absence of a will and issue, the right to succeed to the property of a widow, derived from her deceased spouse, is regulated by section 1386, subdivision 8, of the Civil Code, and to her separate property acquired before or after the death of the spouse by subdivisions 2 or 3 of section 1386 of said code.

[2] ID.—WILL—DEVISE OF RESIDUE OF ESTATE—"LAWFUL HEIRS" OF PREDECEASED HUSBAND—"LAWFUL HEIRS" OF TESTATRIX—PERSONS ENTITLED.—Under the clause of the will of a widow who left no issue, no father and no mother, bequeathing and devising to her husband the residue of her estate, and in the event that he pre-

deceased her, bequeathing and devising one-fourth of said residue to "his lawful heirs" and the balance to "my lawful heirs," the court, where the husband died before the testatrix, should distribute one-fourth to the heirs of the deceased husband, to be determined as of the date of the death of the testatrix and not as of the date of his death, and the remaining three-fourths in accordance with the provisions of section 1386, subdivision 8, of the Civil Code, except such portions, if any, as were the separate property of the testatrix, or acquired by her after her husband's death, and as to such portions they should be distributed in accordance with section 1386, subdivision 3, of such code.

APPEAL from a Decree of Final Distribution of the Superior Court of Los Angeles County. James C. Rives, Judge. Reversed.

The facts are stated in the opinion of the court.

Stewart & Stewart for Appellants.

George L. Greer for Respondents.

WILBUR, J.—This is an appeal from a decree of final distribution of the estate of Philura B. Page, a widow, who left no issue, no father and no mother.

The principal question is as to the proper construction of the following clause of the will of the deceased:

"I give, bequeath and devise to Russel G. Page, my husband, all the rest, residue and remainder of my estate of whatever kind or nature or wherever situated, and in the event that my husband dies before my death, then I give, bequeath and devise one-fourth of the rest, residue and remainder of my estate to his lawful heirs and the balance, after deducting said one-fourth, to be equally divided among *my lawful heirs.*" (Italics ours.)

The husband, Russel G. Page, predeceased the testatrix March 17, 1912. A portion of the property owned by the testatrix at the time of her death was the community property of herself and her deceased spouse, and a portion was the separate property of such deceased spouse, and as to other property of the testatrix, while it is claimed to have been the community property of herself and her deceased spouse there is no finding on the question and it may have been her separate property, although we express no opinion

on that matter. **[1]** In the absence of a will and issue, the right to succeed to the property of a widow, derived from her deceased spouse, is regulated by section 1386, subdivision 8, of the Civil Code, and as to her separate property acquired before or after the death of the spouse by subdivisions 2 or 3 of section 1386. It is held in *Estate of Watts,* 179 Cal. 20, [175 Pac. 415], that where there is no issue a devise and bequest by a widow "to my heirs" is to be construed as a devise and bequest to those who would take under section 1386, subdivision 8, of the Civil Code, where such persons would succeed to the property in the absence of a will. It will be observed, then, that different heirs of the deceased inherit the different classes of property. Her separate property owned by her during the marriage or acquired by her subsequent to the marriage would be distributed in accordance with section 1386, subdivision 3. The common property of the testatrix and her deceased husband would be divided between the relatives of herself and the relatives of her deceased husband. The separate property of the deceased husband would go to his relatives alone. In view of the above decision, the only difficulty in interpreting the clause of the will in question arises from the fact that a direct devise and bequest is made to the "lawful heirs" of the predeceased spouse, and there was, therefore, apparently in the mind of the testatrix a distinction, to use her own language, between "his lawful heirs" and "my lawful heirs" which might lead to the conclusion that when she referred to "my lawful heirs" she meant to exclude "his lawful heirs." The distribution was ordered on this theory, and, therefore, only the heirs designated in section 1386, subdivision 3, were permitted to share in the "three-fourths" left to "my lawful heirs." The difficulty of interpretation arises rather from the character of the property left by the testatrix and the peculiar provisions of the law governing its succession than from the language used in the will. If the property had been entirely the separate property of the testatrix, or acquired by her subsequent to her husband's death, there would be no difficulty about the provision of the will. The heirs of the husband would take one-fourth and the heirs of the wife, that is to say, those persons designated in subdivision 3 of section 1386, would take the remaining three-fourths. As the language of the will

is plain and unambiguous, the fact that some of the property to be disposed of thereby was community and some other separate property of her deceased husband to be distributed under the provisions of section 1386, subdivision 8, is not sufficient to change the interpretation that otherwise should be placed upon the plain and unambiguous terms of the will. In other words, the fact that the undivided one-fourth devised and bequeathed to "his [the husband's] lawful heirs" and the undivided three-fourths of the residue bequeathed and devised to "my [the wife's] lawful heirs" may in whole or in part be distributed to the same persons is not decisive of the question as to who the testatrix intended to designate by the words "my lawful heirs," for she made no attempt to limit or define the term "heirs," leaving that to the law. The separate provision for the lawful heirs of the husband does not deprive them of their rights, if any, as heirs of the wife. The decree is erroneous in so far as it fails to distribute such portions of the estate as come within the provisions of section 1386, subdivision 8, in accordance with the provisions thereof.

Another difficulty arises in the interpretation of these provisions of the will. The appellants contend that as to the one-fourth left the heirs of the deceased husband, such heirs must be determined as of the date of *his* death, and inasmuch as some of such heirs died before the testatrix, that the decree distributing such one-fourth to the persons who would have been the heirs of the deceased had he died at the same time as did the wife was erroneous. We think, however, that the decision of the trial court in this respect was correct, that the term "his lawful heirs" is to be construed as of the date of the death of the testatrix, and to include only those who were his heirs at that time, excluding those who died before the death of the testatrix.

[2] It follows that one-fourth of the residue should have been distributed to the heirs of the deceased spouse, to be determined as of the date of the death of the testatrix; that the remaining three-fourths should be distributed in accordance with the provisions of section 1386, subdivision 8, of the Civil Code, except such portions, if any, as were the separate property of the testatrix, or acquired by her after her husband's death, and as to that portion it should be

distributed in accordance with section 1386, subdivision 3, of the Civil Code.

It is conceded by the respondents that the bequest to the brother, Bradford G. Bass, having lapsed, the property should be divided among the residuary legatees.

It is ordered that the portion of the decree relating to the distribution of the residue of the estate and that portion of the decree distributing the legacy of Bradford G. Bass to Edward L. Bass, Ellen F. Brown and Clemie R. Pratt be reversed and that the property distributed to the heirs of Bradford G. Bass be distributed as part of the residue, and that said residue, consisting of the separate and community property of the deceased spouse be distributed in accordance with subdivision 8, section 1386, of the Civil Code, and the balance, if any, be distributed in accordance with subdivision 3 of section 1386 of the Civil Code. That the trial court take such evidence as may be necessary to determine the rights to such residue.

Lennon, J., and Melvin, J., concurred.