[L. A. No. 7317. In Bank.—December 26, 1922.]

In the Matter of the Estate of ELIZABETH M. UNDER-
HILL, Deceased. FRANK BRYSON, Appellant, v.
J. C. UNDERHILL et al., Respondents.

[1] ESTATES OF DECEASED PERSONS—SUCCESSION—PROPERTY RECEIVED
FROM PREDECEASED SPOUSE—CONSTRUCTION OF CODE.—Where a
woman who had been married three times died intestate and
without issue by either her second or third marriages, but left
children by her first marriage, her surviving third husband and
her children by her first marriage were entitled under subdivision
8 of section 1386 of the Civil Code to her entire estate to the
exclusion of a son of her deceased second husband, notwithstand-
ing a portion of her estate was received by her upon distribution
of his estate.

APPEAL from an order of distribution of the Superior
Court of Los Angeles County. James C. Rives, Judge.
Affirmed.

The facts are stated in the opinion of the court.

George L. Greer for Appellant.

G. P. Adams, W. W. Orme and C. E. Spencer for Re-
spondents.

WASTE, J.—This is an appeal from an order denying
petition for final distribution. Elizabeth M. Underhill, the
decedent, was married three times. She was first the wife
of one Macy, by whom she had two children, Paul Macy
and Grace Park, both of whom are living. Upon the death
of Macy she married John Bryson, whose wife was dead.
Bryson had one son by his former wife, Frank Bryson, the
appellant herein. Of the marriage of Elizabeth and Bryson
there was no issue. John Bryson died, leaving a last will,
by the terms of which his wife Elizabeth and his son Frank
Bryson were made residuary legatees. Upon distribution of
his estate the sum of $6,597.93, and certain personal property,
were distributed to Elizabeth. After the death of Bryson,
Elizabeth married J. C. Underhill, who survives her, and by
whom she had no issue. She died intestate. In due time J. C.

Underhill, the surviving husband and the administrator of her estate, who is one of the respondents here, filed his final account and petition for the distribution of her estate, alleging himself and Paul Macy and Grace Park, the surviving children of Elizabeth by her first marriage, to be the only heirs at law. Frank Bryson, the appellant, thereupon filed a petition, alleging himself to be an heir at law of Elizabeth Underhill by reason of her marriage to his father, and prayed for distribution to himself of a share of the estate, consisting in part of the money and personal property distributed to his stepmother upon the death of his father, which has already been mentioned. The court settled the account of the administrator and determined J. C. Underhill, the surviving husband, Paul Macy and Grace Park, the son and daughter of the decedent, to be the only heirs at law, ordered distribution of the residue of the estate to them, and denied the petition of Frank Bryson for partial distribution to himself. From this order the appeal is taken.

In contending that he is an heir at law of Elizabeth M. Underhill, deceased, in that he is a son of John M. Bryson, the predeceased spouse of the decedent, and is therefore entitled to that portion of her estate that was received by her upon distribution of the estate of said Bryson, appellant relies upon section 1386, subdivision 8, of the Civil Code, relating to succession and distribution of property of deceased persons who die without disposing thereof by will, which provides in part, so far as this case is concerned, that if the deceased is a widow, and leaves no issue, and the estate, or any portion thereof, was common property of such decedent and her deceased spouse, while such spouse was living, such property goes in equal shares to the children of such deceased spouse. If the estate, or any portion thereof, was separate property of such deceased spouse, while living, and came to such decedent from such spouse by descent, devise or bequest, such property goes in equal shares to the children of such spouse.

Appellant contends that the decedent, although the wife of J. C. Underhill, was, for the purposes of distribution of her estate, the widow of John Bryson. Even if this were so, a point which we do not now need to decide, the decedent was assuredly not a widow who left no issue. In its nar-

rowest sense the word "issue" has been held to mean "children." The more liberal tendency is "to construe 'issue,' where its meaning is unrestricted by the context, as including all lineal descendants." (*Jackson* v. *Jackson,* 153 Mass. 374, 377 [25 Am. St. Rep. 643, 11 L. R. A. 305, 26 N. E. 1112, 1113].)

[1] Subdivision 8 of section 1386 when first enacted as part of the Civil Code (designated subd. 9) provided that if the decedent be a widow, or widower, and left "no kindred," the estate should be distributed in a certain manner. (Amdts. to Civ. Code 1880, p. 14.)   The word "kindred" was used until 1905, when the section was amended to read, "If the decedent is a widow, or a widower, and leaves no issue," distribution shall be in accordance with its provision. (Stats. 1905, p. 608.)   The change was made for a purpose. Before the amendment the "kindred" of the decedent, however remote and collateral, would succeed to the estate to the exclusion of the children of the deceased spouse.   The amendment restricted such right of succession to the "issue" of the decedent.   There is nothing in the subdivision or in the section which leads to the conclusion that the legislature intended to provide that if the decedent, a widow or widower, died without issue by her or his deceased spouse, the succession should be to the kindred of such spouse.   We do not feel impelled to write such a condition into the section, for the other provisions of the statute relating to descent and distribution do not require the adoption of such a construction.   None of the California cases construing this provision of the code involved the rights of children of the decedent, but the court has, in a number of instances, assumed that its provisions applied only in the absence of a will *and issue.*   (*Estate of Page*, 181 Cal. 537, 539 [185 Pac. 383] ; *Estate of Simonton*, 183 Cal. 53, 55 [190 Pac. 442] ; *Estate of Brady*, 171 Cal. 1, 4 [151 Pac. 275].)

The order appealed from is affirmed.

Shaw, C. J., Sloane, J., Lennon, J., Lawlor, J., Ward, J., and Wilbur, J., concurred.