[Civ. No. 2125.  Fourth Appellate District.—April 20, 1938.]

In the Matter of the Estate of RICHARD E. FRARY, Deceased.  C. H. CONNETT, Respondent, v. PEARL N. CHURCH, Appellant.

Benjamin W. Shipman for Appellant.

J. K. Reeder, Forgy, Reinhaus & Forgy and R. M. Crookshank for Respondent.

BARNARD, P. J.—This is an appeal from an order appointing the respondent administrator of the estate of Richard E. Frary, deceased. After the appeal was taken the respondent died and D. L. Severn was appointed administrator of this estate and has been substituted as respondent herein.

Richard E. Frary died intestate, leaving no issue. The original respondent, as the nominee of a sister of the deceased, applied for letters of administration. The appellant, who is a daughter of decedent's predeceased wife, filed a contest and also a petition that letters be issued to her. Her petition was denied, letters were issued to the original respondent and she has appealed.

The main property in this estate consists of a parcel of real property in this state which was taken in the name of Richard E. Frary and Emma C. Frary, his wife, as joint tenants with the right of survivorship. It is conceded that this property was acquired with the proceeds of the earnings

of these parties after marriage and while residing in Oklahoma. They came to California some ten years before Mr. Frary died, which event occurred about a year after the death of Mrs. Frary.

The appellant contends that the respondent is not entitled to letters in this estate because all of this property goes to the children of the predeceased wife under section 229 of the Probate Code. It is argued that the funds brought to California by this husband and wife, having been earned by them in Oklahoma, were not community property; that the creation of the joint tenancy in the real property purchased with these funds created a separate estate in each spouse; that the estate of each spouse was created at the time of the grant to them in joint tenancy; that since the estate of the surviving husband dates back to the creation of the joint tenancy he acquired the entire property as a gift from his wife, the gift to take place *in futuro*; and that section 229 of the Probate Code is therefore controlling.

The court found "that the property was the community property of Emma C. Frary and Richard E. Frary prior to the date when the said property was acquired" by them as joint tenants. While this finding is erroneous (see *Estate of Thornton*, 1 Cal. (2d) 1 [33 Pac. (2d) 1, 92 A. L. R. 1343]), this error is immaterial here.

This wife had some interest in the funds thus earned during this marriage and the husband also had an interest therein. Whatever these interests were at the time these funds were brought to California, they were the separate property of the spouses, respectively, and the interest of each spouse was his or her separate property after the creation of this joint tenancy. (*Siberell* v. *Siberell*, 214 Cal. 767 [7 Pac. (2d) 1003]; *Estate of Putnam*, 219 Cal. 608 [28 Pac. (2d) 27].) It would seem that the separate property held by each of these parties after the creation of the joint tenancy, being the interest of each as a joint tenant, was acquired by each not as a gift from the other but as a direct result of a contractual relationship. By a mutual binding agreement each spouse contributed his or her interest in funds earned after marriage toward the purchase of property which was taken in both their names as joint tenants. Had these funds been earned in this state they would have been community property and the survivor of these joint tenants would have taken the entire property by right of survivor-

ship and upon his death his heirs alone would be entitled to share therein. (*In re Kessler*, 217 Cal. 32 [17 Pac. (2d) 117].)

No good reason appears why a similar result should not obtain here even though the respective interests of the spouses in the funds brought to this state must be regarded as their separate property. ■ While the transfer of separate property into a joint tenancy status may often constitute a gift *inter vivos* (see *Bell* v. *Moloney*, 175 Cal. 366 [165 Pac. 917]; *George* v. *Daly*, 83 Cal. App. 684 [257 Pac. 171]; *Tilden* v. *Tilden*, 81 Cal. App. 535 [254 Pac. 310]), this is not necessarily the case where a husband and wife use that form of contract to transfer or change their respective interests in property earned during the marriage into a joint tenancy. In a very real sense the parties in such a case are not making a gift to each other but each is retaining an interest which is separate property and which may ripen into the absolute ownership of all of the property if he survive the other. We think that such a situation should not be held to constitute a gift within the meaning of section 229 of the Probate Code, but it is rather a contractual change in the status of the property and in the rights of the parties. Not only is this change brought about by contract, each of the parties contributing an interest in property theretofore held by him, but the resulting condition permits both parties to retain the equal enjoyment of the entire property during their joint lives, and then leaves the property to whichever one may survive the other. In *Estate of Harris*, 9 Cal. (2d) 649 [72 Pac. (2d) 873], the court said: "It cannot be said, we think, that if a husband and wife enter into a mutual binding agreement whereby each contributes his or her separate property to a joint tenancy account, that the converting of said separate property of each of the spouses into a joint tenancy ownership constituted a gift by each to the other of his or her separate property." We are unable to see why a different situation should result where a husband and wife used their joint earnings to purchase real property which was taken by them in joint tenancy.

■ A further consideration here is that even if it could be said that a part of the property in question came to the deceased husband as a gift from his wife through the creation of the joint tenancy it would still be true that another part of that property came to him as a result of what he

himself had put into the joint tenancy, which part at least would not be a gift to him from his wife. (See *Estate of Harris, supra.*) In any event, the relatives of the decedent are entitled to succeed to some portion of this property and under sections 422 and 423 of the Probate Code the order appealed from was correctly entered.

The order is affirmed.

Jennings, J., concurred.

MARKS, J., Concurring.—I concur in the foregoing opinion and judgment. In addition to what is said in the main opinion, I wish to stress the case of *Estate of Putnam,* 219 Cal. 608 [28 Pac. (2d) 27].

In that case Elizabeth D. Putnam inherited property from Timothy Halstead, her first husband. She subsequently married J. F. Putnam. She sold some of the inherited property and invested the proceeds in corporate stock that was issued in the names of Elizabeth D. Putnam and J. F. Putnam as joint tenants with the right of survivorship. After several years the certificates of stock were assigned in writing by Elizabeth D. Putnam and J. F. Putnam to Elizabeth D. Putnam. New certificates were issued to her and title remained in her until her death. She died intestate.

Arzena Halstead, the daughter of Timothy Halstead, and stepdaughter of Elizabeth D. Putnam, laid claim to the stock under the provisions of section 229 of the Probate Code, claiming that the property from the proceeds of which the stock was purchased came to Elizabeth D. Putnam by descent, devise or bequest from Timothy Halstead, her first husband; that those funds were traceable into the stock which therefore should be returned to the family of the first owner.

In holding against this contention and that the title to the stock did not originate in Timothy Halstead but in the joint tenancy estate, the Supreme Court said:

"The real question in the case has never been precisely decided in this state. We may for the purpose of focusing attention upon the controlling factors phrase it in this way. Did the creation of the joint tenancy and its subsequent termination by the conveyance of the entire estate therein to decedent operate to alter the status of the property or change the origin of the title by which Elizabeth D. Putnam owned

the stock at the time of her death? The court below, after reciting the details of the transaction which we have heretofore summarized, found as follows: ' . . . That said shares of stock did not, nor did any portion thereof, come to said Elizabeth D. Putnam from her predeceased spouse Timothy Halstead by gift, descent, devise, or bequest, but all thereof came to said Elizabeth D. Putnam by the voluntary act of said J. F. Putnam.' The reason and purpose of section 229 of the Probate Code is, in the absence of testamentary disposition, to turn the property back to the family from which it came, rather than to permit it to descend to the wife's family. In other words, the section was designed to benefit the natural objects of the bounty of the former owner. (*Estate of McArthur*, 210 Cal. 439 [292 Pac. 469, 72 A. L. R. 1318].) But the section never sought to limit the right of the wife to dispose of it by will or conveyance. For which reasons we find the authorities declaring that property so inherited does not lose its character or status as such by a mere change in form or identity, such, for example, as the exchange of inherited parcel A for parcel B. The latter property acquires the status of that formerly possessed by parcel A. (*Estate of Brady*, 171 Cal. 1 [151 Pac. 275], and cases there cited.) Thus it follows that if when the stock was originally purchased and the joint tenancy created, J. F. Putnam conveyed to his wife property in exchange for his joint tenancy interest, the property so conveyed by him would be subject to distribution under section 229. Also, although the creation of the joint tenancy were without valuable consideration moving to Elizabeth D. Putnam, yet she had effectively removed the property from the status it had formerly held. (*Estate of Brady, supra.*) It is obvious that had the joint tenancy continued until her death, J. F. Putnam would, by reason of his right of survivorship, have owned the property outright. That which is the subject of this contest would have been his, as a matter of right. Hence the reason and purpose of section 229 is not applicable.''

From the decision in the Putnam case it would seem to follow that the creation of a joint tenancy breaks the continuity of the chain of title to the property of a predeceased spouse which destroys the applicability of section 229 of the Probate Code. If that is true, then the heirs of Richard E. Frary would be entitled to administer his estate because his

title to the property came to him by operation of law from the joint tenancy estate and not "by gift, descent, devise or bequest" (sec. 229, Probate Code) from his deceased wife.