[Civ. No. 12663.  First Dist., Div. One.  June 24, 1944.]

Estate of MAINERT NIELSEN, Deceased.  MYRTLE VEITCH et al., Appellants, v. REGINA ERICKSEN et al., Respondents.

John Langer and Howard Magee for Appellants.

A. E. Levinson for Respondents.

WARD, J.—This appeal is taken from the decree of distribution in the estate of Mainert Nielsen, deceased, distributing one-half of the estate to appellants, children of Nielsen's predeceased spouse, Sarah, and one-half to respondents, sisters and nephews of Nielsen.

Appellants' opening brief is on file. Respondents have failed to file a reply brief within the time prescribed by the Rules on Appeal, and, pursuant to rule 17(b) of these rules the case has been submitted. (*Zeigler* v. *Bonnell,* 52 Cal. App.2d 217 [126 P.2d 118]; *Ramacciotti* v. *Galiano,* 59 Cal. App.2d 8 [137 P.2d 722].)

Appellants contend that under section 228 of the Probate Code they should receive distribution of the entire estate, not one-half as decided by the trial court.

The facts are not in dispute. Appellants, Myrtle Veitch, Conrad von Rappard and Edward von Rappard are the children of Sarah Nielsen and her first husband, von Rappard. After von Rappard's death, Sarah married Mainert Nielsen and the two acquired community property which they used to purchase a piece of real property. They held this real property in joint tenancy. Sarah Nielsen died intestate on October 26, 1938, and her interest in the real property was thereby terminated. Mainert Nielsen died intestate on December 30, 1941. He did not leave a widow or children.

A dispute has arisen between the children of Sarah Nielsen (appellants) and the sisters and nephews of Mainert Nielsen (respondents) as to who is entitled to take the property which Mainert and Sarah Nielsen had held in joint tenancy. The trial court decreed that appellants take half of the property and that respondents take half.

This case is governed by section 228 of the Probate Code, as amended in 1939: "If the decedent leaves *neither spouse nor* issue, and the estate or any portion thereof was community property of the decedent and a previously deceased spouse, *and belonged or went to the decedent by virtue of its community character on the death of such spouse, or came to*

*the decedent from said spouse by gift, descent, devise or bequest, or became vested in the decedent on the death of such spouse by right of survivorship in a homestead, or in a joint tenancy between such spouse and the decedent or was set aside as a probate homestead,* such property goes in equal shares to the children of the deceased spouse and their descendents by right of representation. . . ." (The italicized part of the section was added in 1939.)

The 1939 amendment compels the conclusion that appellants, children of the deceased spouse, are entitled to the entire estate. It was so held in *Estate of Taitmeyer,* 60 Cal. App.2d 699 [141 P.2d 504]. (See *Estate of Perkins,* 21 Cal. 2d 561 [134 P.2d 231].)

On the hearing of the petition for distribution the attorney for the administrator represented both the administrator and "two sisters and three nephews of Mainert Nielsen, the decedent." Appellants suggest that the individual respondents should bear the costs of appeal. (See *Estate of Schaetzel,* 44 Cal.App.2d 320 [112 P.2d 324]; *Estate of Murphey,* 7 Cal.2d 712 [62 P.2d 374]; *Estate of Pierce,* 28 Cal. App.2d 8 [81 P.2d 1037].) The hearing took place prior to the decisions in *Estate of Taitmeyer, supra,* and *Estate of Perkins, supra.* Probate Code, section 1232 provides: "When not otherwise prescribed by this code, either the superior court or the court on appeal, may, in its discretion, order costs to be paid by any party to the proceedings, or out of the assets of the estate, as justice may require." In view of all the circumstances surrounding the hearing before the probate court and the subsequent appeal, and of the fact that after the Perkins and Taitmeyer decisions respondents did not contest appellants' legal position, we conclude that the costs herein should not be assessed against respondents.

The order settling final account and decreeing distribution is reversed, costs to be paid by the estate. (§ 1232, *supra.*)

Peters, P. J., and Knight, J., concurred.