75 Cal.App.2d 189 (1946)
Estate of ANNIE T. AUCLAIR, Deceased. WANDA A. ROSE et. al., Appellants,
v.
HAZEL DEAN ELMER, as Administratrix, etc., et al., Respondents.
Civ. No. 13087. 
California Court of Appeals. First Dist., Div. One. 
June 28, 1946.
 Andrew P. Costelli and Girard N. Richardson for Appellants.
 Phillips, Munck & Niemand for Respondents.
 WARD, J.
 This is an appeal from an order denying the heirship of Wanda A. Rose and Wilma Auclair, daughters of a predeceased husband, in the estate of Annie T. Auclair who died intestate. From an agreed statement the following pertinent facts appear: George Auclair and Annie Petty (Auclair) were married on October 31, 1939; George Auclair died March 3, 1941; Annie Auclair died September 13, 1943. At the time of the marriage of George and Annie, George held title to certain real estate which was the separate property of George at the time of its acquisition. On November 29, 1940, George executed a joint tenancy deed to said property to himself and his wife Annie and at the same time filed a declaration of homestead on the premises described in the joint tenancy deed; the deed and declaration were duly filed and recorded. It is stipulated by the parties that the real property vested in Annie T. Auclair on the death of George Auclair; that "Administratrix Hazel Dean Elmer, Ida Belle Curtis and George Petty are issue of Annie T. Auclair and prior predeceased husbands. Contestants Wanda A. Rose and Wilma Auclair are issue of George Auclair and a prior pre-deceased wife. There was no issue of the marriage between Annie T. Auclair and George Auclair."
 The sole question to be decided is the applicability of Probate Code, section 229 to the facts. Section 229 reads: "If the decedent leaves neither spouse nor issue, and the estate or any portion thereof was separate property of a previously deceased spouse, and came to the decedent from such spouse by gift, descent, devise or bequest, or became vested in the decedent on the death of such spouse by right of survivorship in a homestead or in a joint tenancy between such spouse and the decedent, such property goes in equal shares to the children *191 of the deceased spouse and to their descendants by right of representation, and if none, ..." Annie Auclair left no spouse but three children survive, the issue of Annie and prior predeceased husbands. [1] The word "issue" may be used with various meanings, depending upon the intent as used. (22 Words and Phrases (perm. ed.), p. 713 et seq.) As it appears in section 229 definitely refers to lineal descendants to any degree. (2 Jarman on Wills, 109; Page on Wills (lifetime ed.). vol. 3, 1027; 33 C.J. 5, pp. 818-819; Jackson v. Jackson, 153 Mass. 374 [26 N.E. 1112, 25 Am.St. Rep. 643, 11 L.R.A. 305]; Estate of Cavarly, 119 Cal. 406 [51 P. 629]; Estate of Carothers, 161 Cal. 588 [119 P. 926]; Estate of Briggs, 186 Cal. 351 [199 P. 322]; Musson v. Fuller, 57 Cal.App.2d 5 [133 P.2d 682].)
 It is appellants' position that the word "issue" in the above section must be read in conjunction with the purposes which are set forth in the majority opinion in Estate of Perkins, 21 Cal.2d 561 [134 P.2d 231]. The Supreme Court of this state, after citing previous decisions, declared in Estate of Perkins (pp. 569-570): "By these sections [Probate Code, 228 and 229], the court has said, the Legislature intended that a lineal descendant of the predeceased spouse should succeed to all property of the surviving spouse in which the predeceased spouse owned an interest; if there were no lineal descendants of either spouse, the property should then be divided equally between the respective families of the two spouses by whose efforts it was accumulated. If, however, the property had originally come to the predeceased spouse by other means that his efforts during the existence of the marriage, such an acquisition before marriage, or by gift, devise, or bequest subsequent to the marriage, then the Legislature intended that such property should descend, upon the death of the survivor, entirely to the family of the predeceased spouse." Considerable argument is presented based upon the statement in the Estate of Perkins that the property "should go to the family or families of the spouse or spouses through whose efforts the estate was accumulated." The sentence in which the above statement appears is qualified and limited therein to one who dies "intestate and without issue" as in Estate of Nielsen, 65 Cal.App.2d 60 [149 P.2d 737]. Further in support of this position appellants rely on isolated statements in Estate of Putnam, 219 Cal. 608 [28 P.2d 27]; Estate of Rattray, 13 Cal.2d 702 [91 P.2d *192 1042]; Estate of Perkins, supra and Estate of Taitmeyer, 60 Cal.App.2d 699 [141 P.2d 504]. In the Putnam case the contest was between the daughter of decedent's predeceased husband and the second or surviving husband and other heirs of the deceased. In the Rattray case a brother, sister and nieces and nephews of the decedent were placed in competition with brothers and a sister of the predeceased husband. In the Perkins Estate the decedent wife died intestate leaving as her sole survivors three sisters, the appellants, and the respondent, the son of her predeceased husband by a previous marriage. In Estate of Taitmeyer the contest was between decedent's sister and the daughter of the predeceased husband by a former marriage. In none of those cases did the decedent leave children by any predeceased spouse or by a subsequent marriage. Certain statements in the cited cases are the result of general comment and cannot be considered as specific holdings on the point here involved as in none of the four cases was the attention of the court called to this problem--namely, that the surviving spouse upon death left issue by a marriage prior to that with the predeceased husband, who placed his separate property in joint tenancy with decedent.
 Note the language of the section. The deceased spouse is referred to as the deceased spouse; the last surviving spouse as the decedent. The section provides that when the last surviving spouse dies without "issue" the joint tenancy property goes in equal shares to the children of the deceased spouse (Estate of Taitmeyer, supra) and to their descendants by right of representation, etc. The facts in Estate of Marshall, 42 Cal.App. 683 [184 P. 43] are somewhat similar to those in the present case. Marshall died intestate leaving certain community property and certain separate property of his predeceased spouse which he had inherited. There was no issue of the bodies of the decedent, Marshall, and the predeceased spouse from whom he inherited the property, but Marshall had a stepdaughter, the child of the predeceased wife. The court held (p. 686) that under the provision of Civil Code, section 1386, subdivision 8, the basis for Probate Code, section 229, "the title of the common property having passed absolutely to the present intestate, as well also such of the separate estate of his predeceased spouse, as was set out in the report of the inheritance tax appraiser, then whatever title would, by virtue of subdivision 8 of section *193 1386 of the Civil Code, pass to Marjorie O'Neill must go directly to her from the estate of Thomas E. Marshall. The source of his title is immaterial so far as the extent of his estate in such property is concerned; but the source of his title would be material in establishing the identity of his heirs under subdivision 8 of the section last referred to. The respondent's relationship to her deceased mother would be the determining factor in establishing her status as an heir of Thomas E. Marshall; but the title to the property she is entitled to receive by reason of that status would not relate back for its origin, to her mother. It would come directly to her from her stepfather. She would take as the heir of Marshall. (Estate of Watts, 179 Cal. 20 [175 P. 415].)"
 In Estate of Underhill, 190 Cal. 233 [211 P. 801], Elizabeth M. Underhill was married three times. By the first husband she had two children, Paul Macy and Grace Park. By the second husband, who was a widower, she had no children, but this husband had one son, Frank Bryson, by a former wife. Upon the distribution of the second husband's estate, the widow, the decedent in the Underhill case, and the son each received over $6,000, and some personal property was likewise distributed. After the death of her second husband she married J. C. Underhill, who survived her, without issue of the two. Mrs. Underhill died intestate. Underhill, the last husband, and administrator of her estate, filed a petition for distribution, alleging that he and the children of the decedent by her first marriage were the only heirs at law. Frank Bryson, the son of the second husband by a previous wife, contested the petition and requested partial distribution to himself, which was denied. The court said (pp. 234, 235): "In contending that he is an heir at law of Elizabeth M. Underhill, deceased, in that he is a son of John M. Bryson, the predeceased spouse of the decedent, and is therefore entitled to that portion of her estate that was received by her upon distribution of the estate of said Bryson, appellant relies upon section 1386, subdivision 8, of the Civil Code, relating to succession and distribution of property of deceased persons who die without disposing thereof by will, which provides in part, so far as this case is concerned, that if the deceased is a widow, and leaves no issue, and the estate, or any portion thereof, was common property of such decedent and her deceased spouse, while such spouse was living, such property *194 goes in equal shares to the children of such deceased spouse. If the estate, or any portion thereof, was separate property of such deceased spouse, while living, and came to such decedent from such spouse by descent, devise or bequest, such property goes in equal shares to the children of such spouse. ... There is nothing in the subdivision or in the section which leads to the conclusion that the legislature intended to provide that if the decedent, a widow or widower, died without issue by her or his deceased spouse, the succession should be to the kindred of such spouse. We do not feel impelled to write such a condition into the section, for the other provisions of the statute relating to descent and distribution do not require the adoption of such a construction. None of the California cases construing this provision of the code involved the rights of children of the decedent [emphasis added], but the court has, in a number of instances, assumed that its provision applied only in the absence of a will and issue. (Estate of Page, 181 Cal. 537, 539 [185 P. 383]; Estate of Simonton, 183 Cal. 53, 55 [190 P. 442]; Estate of Brady, 171 Cal. 1, 4 [151 P. 275].)"
 The various "succession" sections tend to carry out the purposes of the Legislature. As applied to the facts of the present case it must be borne in mind that the predeceased spouse voluntarily executed a joint tenancy deed, covering in part his separate property, to himself and his wife, the decedent in this proceeding. He could have deeded or willed the same property to his two children by a prior predeceased wife. Upon the predeceased husband's death, his widow, the decedent herein, could have deeded or willed it to any relative or nonrelative without interference from any source. (Estate of McArthur, 210 Cal. 439 [292 P. 469, 72 A.L.R. 1318]; Estate of Taitmeyer, supra.) She did not will or deed the property away. She died intestate. The section provides: "If the decedent leaves neither spouse nor issue." The word "spouse," as used in the last quotation, has some significance. Section 229, since 1939 provides that succession to the heirs of a predeceased spouse does not take place if there is a surviving spouse. The insertion of the word "spouse" does not indicate that the statutory scheme of succession is based solely on the material objects of a predeceased spouse's bounty. The statutory scheme is a combination of two policies benefiting close relatives of the decedent, but if none, then the close direct relatives of the predeceased spouse *195 first, and then his or her close collateral kindred. This disposition seems fair. On the equities of the situation it should be assumed that the predeceased spouse treated his children as he judged adequate.
 [2] Section 229 is applicable only if there is no "issue," that is, no lineal descendants from the decedent and any spouse--one prior to the predeceased spouse, the predeceased spouse, or one subsequent to the predeceased spouse. The decedent in this case left issue and section 229 is not relevant to the determination of heirship in this case, which eliminates consideration of the two children, the issue of George Auclair and a prior predeceased wife as heirs in this case. (See article by W. W. Ferrier, Jr., written prior to the 1939 amendments, 25 Cal.L.Rev. 261.)
 The order of December 6, 1945, insofar as it decrees and adjudges that the petition of Wanda A. Rose and Wilma Auclair to determine heirship is denied and that said petitioners are not entitled to have distributed to them any part of said estate is affirmed.
 Peters, P. J., and Schottky, J. pro tem., concurred.