[Civ. No. 9201.   Third Dist.   Nov. 7, 1957.]

Estate of LINA L. RIGHTMIER, Deceased.   EMELINE
BOLTER, Appellant, v. LEVERNA MAY HATFIELD,
as Administratrix, etc., Respondent.

Busick & Busick and Charles O. Busick for Appellant.

Carlos J. Badger for Respondent.

WARNE, J. pro tem.*—This is an appeal from the judg-
ment in a proceeding under section 1080 of the Probate
Code, awarding respondent all the assets of the estate of
Lina L. Rightmier, deceased, except the sum of $5,000.

Appellant is one of the collateral heirs of the deceased,
who died intestate, leaving neither spouse nor issue.   Re-
spondent is the daughter of the deceased husband.

Lina L. Rightmier was formerly the wife of Charles
Sydney Elam who died on March 5, 1919.   His estate was
set over to Lina being under $1,500 in value.   The entire
estate consisted of a lot in Ceres, California, appraised at
the value of $1,300.   It appears that Lina L. Rightmier had
a bank account in her own name in the bank of Ceres, which

*Assigned by Chairman of Judicial Council.

was never more than $406. Her separate property at that time did not exceed the sum of $1,706, so far as the evidence shows, when she married David Lee Rightmier on September 28, 1920, approximately 15 months after the death of her first husband. David died some 31 years later on June 21, 1951, and during all of that time he lived with his wife, Lina. During their marriage the property they accumulated was nearly all placed in joint tenancy. The property which Lina had at the time of her marriage to David went into the joint tenancy as did moneys in an unknown amount which David received in settlement of a personal injury claim and certain property which he had inherited from his father. It also appears that David was working at the time of his marriage to Lina; that he had an automobile, at least, and he continued to work for a good part of the time he was married to Lina. There is no showing that Lina worked during the marriage or that she received anything by way of gift or inheritance. On the death of David his property, according to the inventory and appraisement on file in his estate, consisted of estate property appraised at $3,520 and joint tenancy property consisting of real and personal property totaling $75,784.

All bank accounts and bonds were held in joint tenancy by David and Lina.

In the proceeding for the probate of the estate of David Lee Rightmier, it was determined that all of the property standing in his name alone and the joint tenancy property in his and Lina's name was community property, except for a contribution by Lina of $5,000 to the joint tenancy property of the parties.

On July 23, 1951, Lina was adjudged an incompetent person and continued as such to the day of her death on September 4, 1955. It is therefore obvious that she could not have been gainfully employed nor have contributed anything to her estate which was not there at the time of David's death. In fact, the record shows that the estate decreased after the death of David.

The trial court found: "That all of the property in the names of David Lee Rightmier and Lina L. Richtmier or in which they had any interest at the death of the said David Lee Rightmier was property obtained by said persons during their marriage, and except for the contribution by the said Lina L. Rightmier of $5,000, was property purchased with community funds . . ." We feel that there is substantial

evidence to sustain the trial court's finding and the judgment.

Regardless of appellant's contention that "there could be no passing of a community interest from David Lee Rightmier to Lina L. Lightmier for the reason that the property was taken in joint tenancy and that Lina L. Rightmier's title was derived from the original grant and was her separate property and not a community interest," the case is governed by the following provisions of section 228 of the Probate Code, as amended in 1939: "If the decedent leaves neither spouse nor issue, and the estate, or any portion thereof was community property of the decedent and a previously deceased spouse, and . . . came to the decedent . . . on the death of such spouse by right of survivorship . . . in a joint tenancy between such spouse and the decedent . . . such property goes in equal shares to the children of the deceased spouse . . ."

■ "In determining the character of property for the purpose of applying sections 228 and 229 of the Probate Code, it is the source of its acquisition, and not the nature of its ownership immediately before death, which is controlling. (*Estate of Abdale*, 28 Cal.2d 587 [170 P.2d 918]; *Estate of Perkins*, 21 Cal.2d 561 [134 P.2d 231]; *Estate of Rattray,* 13 Cal.2d 702 [91 P.2d 1042].)

. . . . . . . . . . . .

"Regardless of . . . intent, if it is clear that the source of acquisition was . . . community property, upon the death of the wife whose husband has predeceased her, the property standing in her name will be distributed according to the provisions of section 228 . . . of the Probate Code. In other words, section 164 of the Civil Code creates no presumption as to the source of acquisition of property." (*Estate of Reizian*, 36 Cal.2d 746, 749-750 [227 P.2d 249].)

■ The decedent having died intestate, without issue or spouse, all of the property which came to Lina as a surviving joint tenant with her predeceased spouse, which was originally acquired with community funds, was properly awarded to the issue of the predeceased spouse rather than the decedent's collateral relatives. (*Estate of Taitmeyer*, 60 Cal.App. 2d 699, 712 [141 P.2d 504]; *Estate of Nielsen*, 65 Cal.App.2d 60, 61-62 [149 P.2d 737].)

With respect to the $5,000 which the trial court found the decedent had contributed to the purchase price of the joint tenancy property, appellant claims that she should have been allowed, in addition, a proportional amount of the increase

in value of the property and profits realized therefrom. What these amounts are, if any, does not appear in the record, nor is there any direct evidence that the decedent contributed any amount toward the purchase of the joint tenancy property other than applying on a trade the separate property which came to her from the estate of her first husband which was not in excess of the value of $1,500. It would appear that appellant profited by the award of $5,000 and is not in a position to complain.

The judgment is affirmed.

Peek, Acting P. J., and Schottky, J., concurred.

A petition for a rehearing was denied November 22, 1957, and appellant's petition for a hearing by the Supreme Court was denied December 30, 1957.